## Commonwealth v. Weed

*J. Michael Eakin, Assistant District Attorney,* for Commonwealth.

*LeRoy Smigel,* for defendant.

SHUGHART, *P. J.,* May 19, 1977 — Defendant filed an appeal from conviction of a violation of section 1002 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1002, charging the operation of a motor vehicle too fast for conditions. Following an appeal to this court, he filed a motion to quash on the ground that the citation delivered to defendant at the time of his arrest failed to specify the speed at which he was operating.

Counsel has cited a number of lower court cases which have held that the failure to specify the speed in an information charging a violation of section 1002(a) is fatal and the information must be quashed. Although not cited by either the Commonwealth or the defense, our own case of Commonwealth v. Hollinger, 7 Cumb. 205 (1957), stands for this same proposition. This case, however, as well as all of the cases cited by defendant, involve proceedings instituted by information under The Vehicle Code rather than the procedure now employed pursuant to Pa. R. Crim. P. 52 et seq. As we pointed out in Commonwealth v. Woloson, 25 Cumb. 121, 122 (1974): ". . . Although a citation must include the specific section of the statute violated, it need only show a summary of the facts sufficient to advise the defendant of the nature of the offense charged, notifying him of the pending prosecution and affording him a chance to defend himself. Commonwealth v. Yarnell, 57 D. & C. 2d 541, 544 (Lebanon Co., 1972); Commonwealth v. Colbert, 56 D. & C. 2d 419, 423 (Bucks Co., 1972); Pa. R. Crim. P. § 52(e). This lenient description of the offense is all that is necessary because the defendant must be served upon issuance of the citation, giving him immediate notification of the alleged infraction when he is

best able to observe and recall facts and circumstances surrounding the incident. See Pa. R. Crim P. § 54(a). Thus, we conclude that the description of the offense on a citation is adequate so long as it advises the defendant of the nature of the charge."

It is readily apparent that since defendant in a citation procedure must be handed a copy of the citation, he has an immediate and clear opportunity to clarify the nature of the charge. Under these circumstances, technical objections cannot be encouraged.

Since we indicated at the time of trial that we were satisfied of the guilt of defendant except for the validity of the motion to quash, we now find defendant guilty as charged.

## ORDER OF COURT

And now, May 19, 1977, defendant is found guilty as charged and is directed to appear before the court on Tuesday, May 31, 1977, unless prior thereto he shall have caused the costs and fine to be paid to the proper county official.